IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                       4:18-CR-00662-01-JM

FRANK CHRISTIAN DUNN

## ORDER

Defendant has filed a Motion for Compassionate Release (Doc. No. 32) pursuant to 18 U.S.C. §3582(c)(1)(A)(i). The government has not filed a response. For the reasons stated below, the motion is denied.

On August 13, 2019, Defendant pled guilty to receipt of child pornography.[1] He was sentenced to 90 months in prison.[2]

### A.  Exhaustion

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the factors in 18 U.S.C. § 3553(a).[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] Defendant requested compassionate release on September 9, 2020 and October 29, 2020. Although he asserts that he has exhausted his administrative remedies, there are no documents

---

[1] Doc. Nos. 16, 17.
[2] Doc. Nos. 23, 25.
[3] U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.
[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

showing a response from the warden or an appeal.  However, I will assume that this issue is properly before the Court.

### B. Extraordinary and Compelling

Defendant must establish "extraordinary and compelling" reasons to warrant compassionate release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5]  As of today, eight circuit courts have ruled that the Guidelines do not apply to defendant-filed motions for compassionate release under the First Step Act.  Rather, they have found that courts have more discretion to define what constitutes "extraordinary and compelling."  The Eighth Circuit has not addressed this issue directly.  Only the Eleventh Circuit has issued opinions maintaining adherence to §1B1.13.[6]  The Court finds that under either the §1B1.13 policy statements or under the Court's own discretion, Defendant's circumstances are not extraordinary and compelling.

Defendant seeks compassionate release because he suffered injuries from a fall on May 4, 2020.  He went to the hospital on April 14, 2021 and doctors told him he "should have received orthopedic surgery a year ago . . . ."[7]  Defendant asset that he "requires urgent and adequate

---

[5] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."
[6] See *United States v. Bryant*, --- F.3d ----, 2021 WL 1827158, at *1-16 (11th Cir. May 7, 2021).
[7] Doc. No. 32

medical treatment before he sustains additional permanent physical damage."[8] He contends that compassionate release is warranted because of inadequate medical care, his age, lack of criminal history, flawed guidelines, work ethic, and family support. Although the Court is sympathetic to Defendant's medical issues, standing-alone, they are not justification for compassionate release. Defendant can file a grievance or civil action to obtain the care he needs. The remaining issues are more akin to sentencing arguments, not compassionate release. Finally, Defendant has served only a fraction of his sentence.

    C.    § 3553(a) Factors

Even Defendant had presented extraordinary and compelling reasons for compassionate release, his request for relief must be denied because of the § 3553(a) factors –reflecting the severity of the offense.

On May 24, 2018, LRPD executed a search warrant at Defendant's house. Defendant admitted that he had been downloading child pornography for the previous five or six months. Ultimately, officers found over 30,000 images of child pornography, some of which portrayed sadistic or masochistic conduct.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 32) is DENIED.

IT IS SO ORDERED, this 10th day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[8] Doc. No. 33.